IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LUCILLE RICHARDSON
    Plaintiff

                                                          Docket No.

vs.

STATE OF TENNESSEE, DEPARTMENTOF STATE;
STATE BOARD OF EDUCATION
    Defendants

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983**

The Plaintiff, Lucille Richardson, Pro Se, hereby, file a complaint against the Tennessee Board of Education, et al.

### JURISDICTION AND VENUE

1. This is a deprivation of liberty case brought pursuant to the Fifth and Thirteenth Amendment of the Constitution of the United States of America which states, neither the federal government nor state governments may deprive any person "of life, liberty, or property without due process of law."

2. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4).

### The Parties

3. Plaintiff Lucille Richardson (hereinafter "plaintiff" or "Richardson") who resides at 5227 White Diamond St., Memphis, TN. 38109, at all relevant times had worked for the Tennessee Department of Education and Memphis City Schools (MCS) located at 2597 Avery, Memphis, TN. 38112.

4. Defendants Tennessee Department of Education (hereinafter referred to as "DOE") at all times operated and managed the Memphis City Schools during the time when Richardson was employed until her suspension in January 2004 and subsequent discharge, September 11, 2009 via letter (exhibit__#1__). The Plaintiff never submit a letter of resignation as stated to MCS.

1

## FACTS RELEVANT TO ALL CLAIMS

5. Richardson employment as a middle school special education teacher with the Memphis City Schools began in 1988, assigned to teach trainable mentally challenged (TMC) students from 1988 until 1994.

6. In 1994, Richardson was assigned as a Family and Consumer Sciences teacher with a different school within the Memphis City Schools District; Richardson remained there until spring 1999.

7. In the fall 1999, Richardson was re-assigned to teach a middle school special education, TMC students at her previous school within MCS.

8. Richardson continued to teach TMC students until the fall of 2002.

9. In the fall of 2002, Richardson was assigned to teach severe behavior communication disorder (SBCD) middle school students. Even after informing her supervisor, that she had no prior knowledge or background experience working with this population of students, Richardson was still assigned to teach the SBCD students. Richardson taught the SBCD students from August 2002 until January 9, 2004.

10. Richardson was the teacher for the SBCD students on January 9, 2004, when one of the students received an injury to his head after having a psychotic episode.

11. Richardson was suspended via letter (Exhibit **#2** ) from school principal, Brett Lawson on January 12, 2004, until an investigation could be done by MCS, when a SBCD student in her class received an injury to his head after having a psychotic episode on January 9, 2004.

12. On January 14, 2004, Richardson received a letter from James Davis, Director of Labor and Employee Relations to contact his office and schedule a conference (Exhibit **#3**).

13. On January 22, 2004, Richardson was arrested when student parent pressed charges with the Memphis Police Department (MPD). Richardson got a copy of the complaint from MPD. (Exhibit #4 ).

14. On January 23, 2004, Richardson was released from MPD without a bail being posted (ROR).

15. On January 22, 2004, Richardson received a letter from James L. Davis, Director of the Division of Labor and Employee Relations for Memphis City Schools informing her that as a result of her arrest on January 22, 2004, there was a scheduled meeting for January 28, 2004, at 9:30 in room 158. (Exhibit # 5).

16. On January 28, 2004 at 9:30, Richardson attended meeting with MCS, Labor and Employee Relations Director, James L. Davis. Richardson did have attorney present. Mr. Davis showed the Plaintiff two undated type written statements signed by the two educational assistants who were present in the classroom when the incident with the student occurred on January 9, 2004.

17. On February 5, 2004, Richardson received a letter from MCS, Labor and Employee Relations Director, James L. Davis, informing that he had conducted an investigation which included interviewing the two witnesses. Mr. Davis informed that "on behalf of the Superintendent, you are placed on a suspension …………..in accordance with the Tennessee Teacher Tenure Law, Tennessee Code Annotated.

18. Richardson hand delivered a request for a hearing on March 1, 2004, (and had it stamped by office personnel) in accordance with the Tennessee Tenured Teacher Law, TCA 49-5-51, to the Office of the Superintendent of Memphis City Schools. (Exhibit # 6).

19. On April 22, 2004, the Plaintiff received a letter from the Superintendent of Memphis City Schools informing Plaintiff of her legal right to request a hearing within thirty (30) days in accordance with TCA 49.5.511 and the Tenure Teacher Law. (Exhibit # 7).

20. Richardson previously requested a hearing with the Superintendent and school board of education on March 1, 2004, (Exhibit # 6); Richardson requested another hearing via certified mail on May 11, 2004 and June 1, 2004 (exhibit # 8)

21. Richardson's request for a hearing with the Superintendent of Memphis City Schools and the school board of Education was never granted in 2004.

3

22. In August 2006, Richardson secured a teaching position with the West Memphis School District, located in West Memphis Arkansas about 25 miles from where she lived. Richardson was employed and assigned to teach special education students in grades K-6. Richardson remained in this position until her license expired in December 2010.

23. In October 2010, Richardson applied to renew her teaching license in Arkansas. Richardson application for license renewal was denied. Richardson was allowed to continue to teach in the West Memphis School District until the problem could be resolved.

24. On March 11, 2011, Richardson was granted a hearing by Arkansas board of Education. Richardson did attend the hearing granted by Arkansas Board of Education and answered all questions. The Arkansas Board of Education concluded when hearing ended that Richardson teaching license could not be renewed as long as her name was on the NASDTEC database.

25. March 14, 2011, Richardson submitted her letter of resignation to the West Memphis School District (WMSD); Richardson knew her teacher license was a requirement to be able to continue to teach in the WMSD.

26. August 19, 2011, Richardson requested and was granted a hearing where she petitioned the Tennessee Board of Education to have her Tennessee teacher license that were revoke September 23, 2008 to be reinstated. At the conclusion of the hearing held on August 19, 2011, the Administrative Law Judge assigned to the case denied Richardson's request for reinstatement.

27. August 25, 2011, Richardson appealed the initial order.

28. November 4, 2011, the Tennessee Board of Education permanently revoked the Plaintiff's teacher license. (Exhibit # 9).

## VIOLATIONS OF THE FIFTH AND THIRTEENTH AMENDMENT: DEPRIVATION OF LIBERTY

According to *Atchison & N. R. Co. v. Baty, 6 Neb. 37, 40, 29 Am. Rep. 356*, The absolute rights of individuals may be resolved into the right of personal security, the right of personal liberty, and the right to acquire and enjoy property. These rights are declared to be natural, inherent, and unalienable.

On September 23, 2008, Richardson's Tennessee teaching license was revoked and her name was placed on the NASDTEC, a national database, which prevents the Plaintiff from being employed by any school district in these United States of America. The circumstances surrounding Richardson license being revoked are as follows:

In January 2004, an autistic student in Richardson class with a diagnosis of severe behavior problems injured himself. Richardson's principal gave her a letter informing she was suspended by the school district without pay until an investigation could be done. Richardson was a tenured teacher, having taught more than 15 years with the Memphis City Schools, was entitled to a hearing as outlined by the Tennessee Tenured Teacher Law, and TCA 49-5-511. Richardson was never granted a hearing as outlined in the Tennessee Tenured Teacher Law & TCA 49-5-511 and TCA49-5-512, a violation of Richardson Fifth and Thirteenth Amendment Rights. Richardson was mailed a notice from Memphis City Schools, September 11, 2009, informing her she was discharged. Richardson had not been granted a hearing as outlined by TCA.49-5-512 and the Tennessee Tenured Teacher Law by Memphis City Schools and the school board of education at the time she received the letter of discharge nor had Plaintiff provided MCS with a letter of resignation.

The Tennessee Board of Education was not the Plaintiff immediate employer, Memphis City Schools was Richardson immediate employer and they provided her with written notice that she was entitled to a hearing within 30 days on April 22, 2004. Richardson requested a hearing within the thirty days, but was never granted a hearing. Richardson did request a hearing on more than one occasion. Richardson was not shown or given evidence other than two letters typed by the principal of the school with the witness signatures. From working with the witness, Richardson knew they didn't type, so the Plaintiff asked if she could see the handwritten copies of the letters the witness had reportedly written as statement against her. The Plaintiff never received copies of the handwritten statement by the witness. Richardson was never granted a

5

hearing as outlined in TCA 49-5-511 by Memphis City Schools' Superintendent and the school board of education in 2004 as Plaintiff had been notified on April 22, 2004.

In January 2005, the student's mother filed a lawsuit against Richardson and the Memphis City Schools District (*Darien Campbell v. Lucille Richardson, et al*) Case NO: 05-2005. The case was mediated and the mother agreed to a settlement. The Judge ruling in this case was as follows:
[ **"the Defendants are hereby fully and forever relieved, released and discharged from any and all claims, damages, demands of any every nature in any way connected with the incident and injuries contended or which could have been contended in this action"**]

In 2006-2011, Richardson secured employment with West Memphis School District and was able to teach until her license expired in December 2010. When Richardson license expired in Arkansas, December 2010, Richardson applied to renew her Arkansas license; she was informed by Arkansas Board of Education officials that her name had been placed on the NASDTEC database, which prevented them from renewing her teacher's license in Arkansas. The Arkansas State Board of Education followed up by notifying Richardson she was entitled to a hearing if requested. Richardson did request a hearing with the Arkansas Board of Education within a set number of days after the Arkansas Board notified her about her Arkansas teaching license. At the end of the hearing, Richardson was informed by the Board members they could not renew her license because the Tennessee Board of Education had placed Plaintiff's name on the NASDTEC database. Richardson informed the Arkansas Board that Tennessee had revoked her license due to an indication of child abuse by Tennessee Department of Children Services in 2007 but, she was not familiar with the NASDTEC situation until their state school board attorney explained it.

Richardson informed the Arkansas Board that she had had no reports of injuries to children in her care during the five years she taught in West Memphis School District or any reports of injuries to children in her care before the January, 2004, incident with the Memphis City Schools student. The Arkansas Board concluded the hearing by telling Richardson, her license could not be renewed because the Tennessee Board of Education had placed her name on the NASDTEC database and until it was removed, she would not be able to get a teacher license in Arkansas renewed.

The Plaintiff was deprived of her liberty as in *Morrissey v. Brewer [1972]*, and didn't receive due process when the Memphis City Schools District didn't grant her a hearing as outlined by TCA.49-5-511 and the Tennessee Tenure Teacher Law, even though she was informed by the Superintendent of MCS, she was entitled to a hearing (exhibit # 7). The Tennessee Board of Education permanently revoking Richardson teaching license and placing her name on the NASDTEC database without due process was a deprivation of her liberty as stated in the Fifth and Thirteenth Amendments of the Constitution. Having Plaintiff's teaching license permanently revoked for a single offense even though in an approved settlement agreement in the civil case (*Darien Campbell v. Lucille Richardson, et al*) Case No: 05-2005, Judge Daniel Breen makes this statement:[ **"the Defendants are hereby fully and forever relieved, released and discharged from any and all claims, damages, demands of any every nature in any way connected with the incident and injuries contended or which could have been contended in this action"**] Accordingly, placing Richardson name on the NASDTEC database prevented her from being able to secure employment, support and provide for her family in a manner she was able to before her license was revoked, and her name placed on NASDTEC. Richardson name being placed on the NASDTEC database violated her due process rights as outlined in the Fifth and Thirteenth Amendments. Richardson had been a teacher for more than twenty years, now Plaintiff is unable to secure employment in a field for which she was trained and worked for more than twenty years.

The Tennessee State Board of Education states in their finding for revoking Richardson teacher license as other good cause without actually stating what was the "good cause". Richardson was never consulted during the State Board's investigation, nor given a chance to be heard as to the fundamental issues in the matter prior to the Tennessee Board decision.

Richardson loss of income has had an emotional toll on her, suffering from severe depression; unable to support her family with a daughter in college is hard for the Plaintiff to bear right now. Plaintiff is currently unemployed.

The Plaintiff was never notified by the Tennessee State Board of Education that her name would be placed on the NASDTEC database. The Plaintiff had hoped her employment with the West Memphis School District was a new beginning for her and her family.

7

The Plaintiff only source of income had been as a teacher which had been her only means of supporting her family for more than twenty years. A single offense in an indication of child abuse should not have warranted such a deprivation of liberty. The Tennessee State Board of Education should have had an interests in the accurate finding of fact, by reviewing the Plaintiff teaching record for any prior complaints; the Tennessee State Board of Education should have used discretion and should not have acted in such an arbitrary and capricious manner to insure that due process was served and liberty was not unjustifiably taken away. It was the Tennessee Board of Education responsibility to make certain that it was not interrupting a successful effort at rehabilitation by giving the said accuser an opportunity to be able to be employed in a field for which she had studied.

## RELIEF

The Plaintiff, seeks relief for the reinstatement of her Tennessee teaching license and the release and or removal of her name (Lucille Richardson) from the NASDTEC database.

The Plaintiff, Richardson also seeks relief in the amount of $1.5 million dollars. The Petitioner relief amount is based on her loss of income, loss of due process rights, emotional deprivation, and defamation of character.

## JURY DEMAND

I would like to have my case tried by a jury.  Yes (x) No ( )

I hereby certify under penalty of perjury that the above complaint is true to the best of my knowledge, information and belief.

Signed this _28_ day of _June_, 20_13_

By: _Lucille Richardson_

Lucille I. Richardson
5227 White Diamond St.
Memphis, TN. 38109
lucilerich@aol.com
(901) 789-1377