```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

| | |
|---|---|
| LUCILLE RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 13-2482-JDT-dkv |
| | ) |
| STATE OF TENNESSEE, | ) |
| DEPARTMENT OF STATE, and | ) |
| STATE BOARD OF EDUCATION, | ) |
| | ) |
| Defendants. | ) |

_____

REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO DISMISS
_____

On June 28, 2013, the plaintiff, Lucille Richardson ("Richardson"), a resident of Memphis, Tennessee, filed a *pro se* complaint for violation of civil rights under 42 U.S.C. § 1983 against the State of Tennessee, the "Department of State," and the State Board of Education (collectively "the defendants"). (*Pro Se* Compl., D.E. 1.) Richardson paid the civil filing fee. (D.E. 2.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is a motion by the defendants to dismiss the complaint pursuant to Rule 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure. (Defs.' Mot. to Dismiss,

D.E. 10.) Richardson has not responded to the motion to dismiss, and the time for response has expired. For the reasons that follow, it is recommended that the defendants' motion be granted.

## I. PROPOSED FINDINGS OF FACT

Richardson's complaint alleges that the State of Tennessee, the "Department of State," and the State Board of Education ("SBOE") violated the civil liberties guaranteed to Richardson under "the Fifth and Thirteenth Amendments [sic] of the Constitution of the United States of America which states, neither the federal government nor state governments may deprive any person 'of life, liberty, or property without due process of law.'"[1] (*Pro Se* Compl., D.E. 1 ¶ 1.) Richardson worked as a teacher employed by the Memphis City School District from 1988 until 2004, primarily in the area of special education. (*Id.* ¶¶ 3, 5-9.) From the fall of 2002 until January 9, 2004, she was assigned to teach middle school students with severe behavior communication disorder. (*Id.* ¶ 9.) On January 9, 2004, a student in Richardson's class sustained a head injury. (*Id.* ¶ 10.) Following this event, on January 12, 2004, Richardson

---

[1] Richardson references the Thirteenth Amendment as containing a due process clause but it does not. The Thirteenth Amendment abolishes slavery. Richardson likely intended to assert a claim under the Due Process Clause of the Fourteenth Amendment. The court will assume for purposes of this motion that Richardson's claim is brought under the Fourteenth Amendment.

2

received a notice of suspension from the Memphis City School District pending an investigation of her conduct. (*Id.* ¶ 11.)

On January 22, 2004, officers of the Memphis Police Department arrested Richardson after the parents of the injured student filed charges for aggravated child abuse. (*Id.* ¶ 13.) Following her arrest, Richardson attended a meeting with the Memphis City Schools, Labor and Employee Relations Committee, where the school superintendent terminated her employment after determining she had in fact caused the student's head injury. (*Id.* ¶¶ 15-17.) Richardson alleges that she subsequently requested a hearing, pursuant to Tenn. Code Ann. § 49-5-511, the Tennessee Tenured Teacher Law, in March, May, and June of 2004, and that the requests were never granted. (*Id.* ¶¶ 19-21.) Her Tennessee teaching license was revoked on September 23, 2008.[2] (*Id.* ¶ 26.)

In August of 2006, Richardson obtained employment with the West Memphis School District in West Memphis, Arkansas, teaching special education, and retained this position until her teaching

---

[2] Following an administrative hearing before an administrative law judge (ALJ) for the Board of Education, the ALJ entered a final order on November 12, 2008, upholding the revocation of Richardson's license. Richardson sought judicial review of the ALJ's decision in the Chancery Court of Davidson County, Tennessee. (*See* Defs.' Mot. to Dismiss, D.E. 10 at 8.) On August 20, 2010, the Chancery Court entered an order affirming the ALJ's decision to uphold the revocation of Richardson's teaching license. *Richardson v. State of Tennessee*, Case No. 09-21-I, Chancery Ct. for Davidson Cnty, Tenn. (Aug. 10, 2010).

license expired in December of 2010. (*Id.* ¶ 22.) Richardson alleges in her complaint that she sought to renew her teaching license in Arkansas in October 2010, but was denied renewal because her name had been placed on the National Association of State Directors of Teacher Education and Certification ("NASDTEC") database. (*Id.* ¶¶ 23-24.) The Arkansas Board of Education instructed Richardson that so long as her name remained on that database, she could not renew her teaching certification. (*Id.* ¶ 24.) Richardson subsequently resigned from her position at the West Memphis School District. (*Id.* ¶ 25.)

On August 19, 2011, Richardson attended a hearing with the Tennessee Board of Education where she petitioned for her Tennessee teaching license to be reinstated. (*Id.* ¶ 26.) The Administrative Law Judge denied her petition and, following an appeal, the Tennessee Board of Education permanently revoked Richardson's teaching license on November 4, 2011. (*Id.* ¶¶ 27-28.) Richardson asserts that the denial of her requested hearings, the placement of her name on the NASDTEC database, and the permanent revocation of her teaching license resulted in the deprivation of her civil liberties and due process rights guaranteed by the Fifth and Thirteenth Amendments. (*Id.* at 6-7.) She seeks reinstatement of her Tennessee teaching license,

the removal of her name from the NASDTEC database, and damages in the amount of $1.5 million dollars. (*Id.* at 8.)

II. PROPOSED CONCLUSIONS OF LAW

In their motion, the defendants advance several grounds for dismissal of Richardson's complaint: (1) insufficient service of process pursuant 12(b)(5); (2) untimeliness under the applicable statute of limitations; (3) failure to state a claim for which relief can be granted under the Due Process Clause of the Fifth or Fourteenth Amendment pursuant Rule 12(b)(6); (4) Eleventh Amendment immunity to the extent that Richardson seeks monetary damages; and (5) lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), pursuant to Rule 12(b)(1). Even though all the grounds raised support dismissal, the court finds it unnecessary to analyze all of the grounds asserted.

A. <u>Motion to Dismiss Under Rule 12(b)(5)</u>

The defendants move to dismiss Richardson's complaint under Rule 12(b)(5) for improper service of process. (Defs.' Mot. to Dismiss, D.E. 10 at 2.) "For service to be proper, it must not only comply with the relevant rule, but must comport with due process by providing 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

5

objections.'" *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 323 (6th Cir. 1999)(citation omitted). Proper service under the Federal Rules of Civil Procedure is necessary for a court to obtain personal jurisdiction over a defendant in an adversary proceeding. *Omni Capital Int'l., Ltd., v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 (1987); *Fifth Third Bank v. Mytelka, No. 05-mc-52,* 2009 WL 2046849, at *2 (W.D. Ky. July 10, 2009). "Unless a defendant voluntarily makes an appearance [without objecting to service] or waives defective service, a federal court is without jurisdiction if service of process is not made in accordance with applicable federal or state statutory requirements . . . ." *Scarton v. Charles,* 115 F.R.D. 567, 568 (E.D. Mich. 1987)(citing *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir. 1982)). Thus, "[a] judgment is void if service of process is insufficient or defective." *In re Cook*, 421 B.R. 446, 455 (Bankr. W.D. Tenn. 2009)(citing *LSJ Inv.,* 167 F.3d at 325).

To determine whether Richardson sufficiently served the State of Tennessee, the "Department of State," or the State Board of Education, the court applies Rule 4 of the Federal Rules of Civil Procedure, which governs service of the summons in actions in federal court. Rule 4 enumerates the requisite contents of proper summons and the manner in which the summons must be served. *West v. Conrail*, 481 U.S. 35, 38-39 (1987)("Rule 4 governs the procedure for effecting service and

6

the period within which service must be made."). In addition, "[a] summons — or a copy of a summons that is addressed to multiple defendants — must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

There are special requirements for serving government defendants. Rule 4(j)(2) provides two methods for properly serving a state or local government, including a state-created government organization: "Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer *or by serving the summons and complaint in the manner prescribed by the law of that state* for the service of summons or other like process upon any such defendant." *Marshall v. Labor & Indus.*, 89 F. Supp. 2d 4, 11 (D.D.C. 2000)(emphasis added). Rule 4(j)(2)(B) refers to the law of the state in which the governmental entity is located. *Polite v. Town of Clarkstown*, 60 F. Supp. 2d 214, 216 (S.D. N.Y. 1999). Rule 4.04 of the Tennessee Rules of Civil Procedure governs the service requirements for defendants within the state. The State of Tennessee or any agency thereof is to be served "by delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6). "Service by certified mail is authorized . . . [, and] the mail

shall be addressed to . . . the attorney general of the state or any assistant attorney general." *Holmes v. Gonzalez*, No. 1:09-cv-259, 2010 WL 1408436, at *2 (E.D. Tenn. Apr. 2, 2010)(citing Tenn. R. Civ. P. 4.04(10)).

   1.  *Richardson's Claim Against the State of Tennessee and the "Department of State"*

By order dated November 6, 2013, the time for Richardson to effect service of process on the defendants was extended for a period of sixty days. (D.E. 6.) The order directed Richardson to present the Clerk of Court with properly completed summonses for each defendant within fourteen days of the date of the order. (*Id.*) Richardson failed to present summonses for the State of Tennessee and the Department of State and has further failed to serve these two defendants within the sixty-day extension. In addition, the defendants contend that the "Department of State" does not exist. Although there is a "Tennessee Department of State," Richardson's complaint merely names the "Department of State" as a defendant, giving no indication as to the specific state or jurisdiction in which the department resides. Richardson makes no additional reference to the "Department of State" in the complaint, although she does refer to the Tennessee Department of Education ("TDOE"). However, no summons was issued to either the "Department of State" or the TDOE. Nor has Richardson issued a summons to the

8

State of Tennessee pursuant to Rule 4(b) of the Federal Rules of Civil Procedure. For these reasons, Richardson's complaint against the "Department of State" and the State of Tennessee should be dismissed for ineffective service of process.

2. *Richardson's Claim Against the State Board of Education*

Richardson did issue a summons to the third named defendant, the State Board of Education, which was delivered by certified mail on November 22, 2013. (D.E. 9.) The summons was addressed to the "State Board of Education." (D.E. 9.) The defendants argue in their motion to dismiss that the issued summons was insufficient under Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure, which defers the service specifications to Tennessee law. Under the law of Tennessee, proper service on a state-created entity must be addressed and delivered to the attorney general or an assistant attorney general. *See Holmes*, 2010 WL 1408436, at *7 (citing Tenn. R. Civ. P. 4.04(10)).

Although *pro se* complaints are held to less stringent standards, "there is no suggestion that 'procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Id.* at *5 (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). Ignorance of the rules is not enough to establish good cause for

failing to effectuate proper service. *Moncrief v. Stone,* 961 F.2d 595, 596–97 (6th Cir. 1992). Therefore, in failing to address and serve the summons on the attorney general, Richardson has failed to properly serve the State Board of Education.

Richardson has failed to properly serve any party. Accordingly, it is recommended that Richardson's complaint be dismissed against all defendants for insufficient service of process pursuant to Rule 12(b)(5).

B. <u>Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted</u>

The defendants also move to dismiss Richardson's complaint under Rule 12(b)(6) for failure to state a claim under either the Fifth or Fourteenth Amendment for which relief can be granted. To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to

relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant

11

to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Richardson's complaint alleges that the SBOE's revocation of her Tennessee teaching license in 2008, and its failure to reinstate it in 2011, constitutes a violation of due process under the Fifth and Fourteenth Amendments. (*Pro Se* Compl., D.E. 1 at 7.) The Fifth Amendment applies solely to the federal government. *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Therefore, the court will only consider Richardson's Fourteenth Amendment claim. The Fourteenth Amendment Due Process Clause generally requires the state to give notice and an opportunity to be heard prior to depriving an individual of a protected interest in liberty or property.

*Thompson v. Ashe*, 250 F.3d 399, 407 (6th Cir. 2001). However, in the present case, Richardson does not contend that the defendants failed to provide notice or an opportunity to be heard before the initial revocation of her license in 2008. Thus, the revocation of her Tennessee teaching license on September 23, 2008 was not a violation of the Fourteenth Amendment.

With regard to the Board of Education's refusal to reinstate Richardson's teaching license, Richardson's complaint concedes that a hearing was requested and granted after she filed a petition in August of 2011. (*Pro Se* Compl., D.E. 1 ¶ 26.) Therefore, Richardson has not alleged any violation of due process under the Fourteenth Amendment that would warrant the reinstatement of her teaching license. Consequently, it is recommended that Richardson's Fifth and Fourteenth Amendment claim against the defendants be dismissed for failure to state a valid claim pursuant to Rule 12(b)(6).

C. <u>Motion to Dismiss Under Rule 12(b)(6) – Statute of Limitations</u>

The defendants further contend that Richardson's claims are time-barred under the applicable statute of limitations, thus warranting a 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. (Defs.' Mot. to Dismiss, D.E. 10 at 6.) Generally, a Rule 12(b)(6) motion is not an

appropriate vehicle for dismissing a claim based upon the statute of limitations because the statute of limitations is an affirmative defense, and "a plaintiff generally need not plead the lack of an affirmative defense to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). But, when the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Actions under § 1983 are governed by state statutes of limitations. *Roberson v. Tennessee*, 388 F.3d 792, 794 (6th Cir. 2005). Actions for personal injuries in Tennessee have a one-year limitation period. Tenn. Code Ann. § 28-3-104(a); *see also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year."). "In Tennessee, civil actions for compensatory damages or injunctive relief brought under the federal civil rights statutes must be commenced within one year of the accrual of the cause of action." *Irick v. Ray*, 628 F.3d 787, 798 (6th Cir. 2010)(citing *Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 506-07 (6th Cir. 2002)).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the

14

question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). According to federal law, "[t]he statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 273 (citations omitted). In particular, § 1983's statute of limitation period begins on the date of the constitutional violation. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)(explaining that the statute of limitations period begins "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred").

The only relevant allegations for the court to address are those that Richardson asserts against the Tennessee State Board of Education, as this is the only party to which a summons was issued. The most recent action taken by the SBOE was its permanent revocation of Richardson's Tennessee teaching license, which occurred on November 4, 2011. (*See* Ex. 9 to Compl., D.E. 1-1 at 10.) Thus, the statute of limitations for a constitutional violation would have begun running at the latest on that day and expired on November 4, 2012. Richardson did not file her complaint in this lawsuit until June 28, 2013, which was well past the filing deadline. Consequently, Richardson's

15

complaint against the SBOE, as well as all other named defendants, is untimely and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

C.  Other Grounds for Dismissal

Because Richardson's complaint is time-barred and she has failed to properly effect service on any defendant, it is not necessary for the court to consider whether the defendants are exempt from damages under the Eleventh Amendment or whether the *Rooker-Feldman* doctrine applies.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Richardson's complaint be dismissed in full pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure for insufficient service of process and failure to state a claim upon which relief can be granted.

Respectfully submitted this 12th day of February, 2014.

s/ Diane K. Vescovo  
Diane K. Vescovo  
United States Magistrate Judge

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  FED. R. CIV. P. 72(b)(2).  Failure to file objections

within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.