IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LUCILLE RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 13-2482-JDT-dkv |
| | ) |
| STATE OF TENNESSEE, ET AL., | ) |
| | ) |
| Defendant. | ) |

ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION
GRANTING DEFENDANTS' MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Lucille Richardson, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 28, 2013, and paid the filing fee. (Docket Entries 1 & 2.) She sued the State of Tennessee, the "Department of State",[1] and the Tennessee State Board of Education ("SBOE"). On October 30, 2013, U.S. Magistrate Judge Diane K. Vescovo[2] issued an order for Plaintiff to show cause why the Defendants had not been served with process within the time specified by Rule 4 of the Federal Rules of Civil Procedure. (D.E. 4.) Following Plaintiff's response to the show cause order (D.E. 5), she was granted an additional 60 days in which to serve process (D.E. 6).

---

[1] There is no "Department of State" in Tennessee.

[2] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

Plaintiff's complaint alleges that she was a teacher in the Memphis City Schools system ("MCS") until being suspended and later terminated in 2004 after she was found to have assaulted and injured a student. Her Tennessee teaching license was revoked by the SBOE in 2008. In 2006, prior to the revocation of her Tennessee license, Plaintiff was hired as a teacher in Arkansas. However, when her Arkansas license expired in 2010, renewal was denied because her name had been placed on the National Association of State Directors of Teacher Education and Certification ("NASDTEC") database as a result of the incident in Tennessee. Therefore, Plaintiff petitioned the SBOE for reinstatement of her Tennessee license in August 2011, but the petition was denied. Her appeals also were denied, and a final decision was issued by the SBOE on November 4, 2011. In this case, Plaintiff contends that the actions of the Defendants amounted to a violation of due process. She seeks reinstatement of her Tennessee teaching license, the removal of her name from the NASDTEC database, and money damages of $1.5 million.

On December 17, 2013, the Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim on which relief may be granted. (D.E. 10.) Plaintiff did not respond to the motion to dismiss. Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") on February 12, 2013, in which she recommended that Defendants' motion to dismiss be granted. (D.E. 11.) Objections to the R&R were due within 14 days. *See* Fed. R. Civ. P. 72(b)(2). On February 25, 2013, Plaintiff filed a document titled "Plaintiff's Motion Against Defendants' Motion for Dismissal" which the Court construes as her objections to the R&R. (D.E. 12.)

Magistrate Judge Vescovo determined that the complaint should be dismissed because Plaintiff failed to properly serve the Defendants. She also found that the complaint fails to state a


claim on which relief may be granted because Plaintiff has not alleged any valid due process claims under the Fourteenth Amendment and because all of her claims are barred by the applicable one-year statute of limitations.[3]

In Plaintiff's objections, she does not address the Magistrate Judge's conclusion that she failed to properly serve the Defendants. Plaintiff states that the SBOE revoked her Tennessee teaching license in 2008 even though she had requested a hearing before the MCS in 2004, which was never granted.[4] However, a hearing *was* held before an Administrative Law Judge ("ALJ") in the license revocation proceedings before the SBOE, and the ALJ's decision was upheld by the Chancery Court for Davidson County, Tennessee, on August 20, 2010. (D.E. 10-1 at 8-18.) Furthermore, Plaintiff herself concedes that a hearing also was held in connection with her 2011 petition to reinstate her Tennessee license. (D.E. 1, ¶ 26.) Therefore, Plaintiff has no valid claim

---

[3] Magistrate Judge Vescovo noted that it was unnecessary to address all of the grounds for dismissal asserted by the Defendants. (D.E. 11 at 5, 16.)

[4] In case number 05-2006-JDB-dkv, Campbell v. Richardson, et al., Plaintiff and the Memphis School Board were sued by the injured student and his parents. A mediation was conducted, and the case was settled. In her objections to the R&R in the present case, Plaintiff asserts that certain language in an "Order Approving Compromise Settlement of Claim for Personal Injury to Minor" entered by U.S. District Judge J. Daniel Breen in that earlier case meant that she would not be held responsible for the injury to her student and, consequently, that her license had to be reinstated by the SBOE. The language cited by Plaintiff states, "Defendants are hereby fully and forever relieved, released and discharged from any and all claims, damages, demands, of any and every nature in any way connected with the incident and injuries contended or which could have been contended in this action." (No. 05-2006, D.E. 45 at 3.)

Plaintiff is mistaken in her interpretation of the language she quotes from Judge Breen's order. After the mediation in case number 05-2006, a motion to enforce the settlement agreement was granted by Judge Breen after Plaintiff refused to sign the settlement documents. At the conclusion of a hearing on the motion to enforce, Judge Breen found the parties had agreed that $30,000 in damages would be paid to the student and his parents, with Plaintiff to pay $3,000 of that amount. Judge Breen further found Plaintiff had agreed that her employment with the MCS would be terminated and that she would drop her request for a hearing before the MCS. (Id. D.E. 40 at 1-2.) Although Plaintiff vigorously claimed she had not agreed to those terms, Judge Breen did not believe her testimony. He ordered the Board to pay the entire $30,000 and granted the Board a judgment against Plaintiff for her $3,000 share, found that Plaintiff's employment with MCS was terminated, and found that her pending request for a hearing before the MCS was canceled. (Id. at 2-3.) Nothing whatsoever in the settlement agreement or in any of Judge Breen's orders in case number 05-2006 precluded the SBOE, which was not even a party in that action, from revoking Plaintiff's Tennessee teaching license.

against the Defendants for a denial of due process.

Pursuant to Tenn. Code Ann. § 28-3-104(a)(3), the statute of limitations for actions brought under the federal civil rights statutes, including 42 U.S.C. § 1983, is one year. *See* Irick v. Ray, 628 F.3d 787, 798 (6th Cir. 2010). All of the actions about which Plaintiff complains in this case occurred more than one year prior to the filing of the complaint. The only reason Plaintiff gives for not filing her complaint in a timely manner is that she could not find an attorney she could afford. However, the fact that Plaintiff could not afford a lawyer is not a sufficient reason to toll the limitations period.

For the foregoing reasons, Plaintiff's objections to the R&R are DENIED. The Court ADOPTS the R&R and hereby GRANTS the Defendants' motion to dismiss.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss

4

this case for insufficient service of process and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[5]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE

---

[5] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.